UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE ALBERT HALL,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 17-cv-05041-YGR (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**I.  INTRODUCTION**

Plaintiff, who is currently incarcerated at the Lake County Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred in Lake County, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: People of the State of California, County of Sonoma, Sonoma County Office of the District Attorney, as well as Sonoma County District Attorney Jill Ravitch and Deputy District Attorney Christopher Honigsberg. Plaintiff seeks monetary damages.

**II.  DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the complaint, on October 25, 2016, Plaintiff was arrested in Lake County and held on pending charges in the Lake County Superior Court. Dkt. 1 at 3, 4. Bail was set by the Lake County Superior Court. *Id.* at 4. However, Plaintiff claims that he was unlawfully detained in the Lake County Jail without bail because of a "no-bail hold" placed on October 26, 2016 that stemmed from an alleged violation of his Post-Release Community Supervision ("PRCS") in Sonoma County. *Id.* at 3. Plaintiff claims that his continued confinement without bail was unlawful because he was held beyond the maximum time that he could be incarcerated for a PRCS violation. *Id.* at 4.

In April 2017, Plaintiff filed a state habeas petition in the Sonoma County Superior Court. *Id.* at 3. Plaintiff requested that the PRCS hold be lifted, and that he be compensated for the injuries he received for being denied bail. *Id.* at 4. On June 30, 2017, the state superior court granted his petition in part and ordered that: (1) the no-bail hold be lifted; (2) notification be given to the Sonoma County District Attorney's office and Lake County District Attorney's office; (3) Plaintiff be reinstated on the original terms and conditions of his PRCS; and (4) Plaintiff be ordered to report to the PRCS office in Sonoma County within twenty-four hours of his eventual release from custody. *Id.* at 6. The state superior court took "no position and [did] not have the jurisdiction to award any damages as requested by [Plaintiff]." *Id.*

Plaintiff claims that "[b]ecause of the PRCS hold being left on . . . for approximately 6 months past the legal 180 days, 90 actual," he has not been able to post bail which has "cost [him] emotional and monetary losses." *Id.* at 3. Plaintiff adds that he has "lost [his] place to live, clothes, etc." and that he would have been able to hire private counsel [to defend him on] his current charges, instead [he] can no longer even afford bail or private counsel." *Id.*

As relief, Plaintiff requests "claimed losses of approximately $25,000, personal property plus cost of current bail." *Id.*

To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-

2

pleaded complaint that there is a federal question. *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under section 1983 if the allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976). And a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

An allegation that an inmate was unlawfully detained may state cognizable Eighth Amendment and Fourteenth Amendment claims. *See Brass v. Cty. of Los Angeles*, 328 F.3d 1192, 1200 (9th Cir. 2003) (prisoner "may have had a due process right to be released within a reasonable time after the reason for his detention ended"). In this case, Plaintiff complains of an alleged unlawful detention without bail, but he has failed to state the specifics regarding alleged mistreatment he suffered from any particular defendant, how his constitutional rights were violated, and the conduct of each defendant that he asserts is responsible for a constitutional violation. As such, Plaintiff will be granted leave to amend to allege specifics regarding any claims he has against any named defendant.

In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual

3

defendant's" deprivation of protected rights. *Id.* at 634.

Here, Plaintiff has not properly alleged liability on the part of any of the following named defendants for a constitutional violation: People of the State of California, County of Sonoma, Sonoma County Office of the District Attorney, as well as Defendants Ravitch and Honigsberg. Specifically, Plaintiff's claims against any of these named defendants are insufficient to state a claim. As mentioned above, Plaintiff must set forth specific facts as to each individual defendant's actions which violated his rights. *See Leer*, 844 F.2d at 634. At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff's general allegations that the named Defendants violated his constitutional rights are not supported by specific facts as to each defendant's actions which violated his rights. Plaintiff does not mention any Defendant by name in his statement of facts or show how any of the named defendants personally were involved in any alleged deprivation. Therefore, Plaintiff's claims against all named Defendants are DISMISSED with leave to amend.[1]

The Court further notes that Plaintiff seeks damages for his alleged unlawful confinement without bail. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

---

[1] The Court further notes that Plaintiff has named two state prosecuting attorneys as Defendants in this action. See Dkt. 1 at 2. However, a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his or her conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). But prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

4

It seems that while Plaintiff claims he was being held without bail on his PRCS violation, he also admits that he was being held in custody for another reason, i.e., stemming from pending charges in the Lake County Superior Court. *Heck* bars claims which necessarily implicate the validity of pending criminal charges, *see Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000), and generally bars claims challenging the validity of an arrest, prosecution or conviction, *see Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). Finally, even if Plaintiff wishes to focus on his confinement stemming from his alleged unlawful hold from the PRCS violation, *Heck* also bars claims of unlawful confinement due to parole or probation revocation. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (*Heck* bars section 1983 action challenging revocation of supervised release). *Heck* applies to claims brought against state as well as federal actors. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). In sum, Plaintiff seeks damages for his alleged unlawful incarceration without bail, however, he has not alleged that the either the pending charges or PRCS violation that led to his incarceration has been invalidated. Therefore, at this time, his allegations fail to state a claim upon which relief may be granted under section 1983.

Accordingly, Plaintiff's complaint is DISMISSED with leave to amend in order to correct the aforementioned deficiencies.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The amended complaint must include the caption and civil case number used in this Order (C 17-5041 YGR (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the amended complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)**. Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this**

**action.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: January 23, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge