UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE ALBERT HALL,<br>Plaintiff,<br>v.<br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br>Defendants. | Case No. 17-cv-05041-YGR (PR)<br><br>**ORDER OF DISMISSAL** |

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Lake County Jail ("LCJ"), has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. The Court dismissed his original complaint with leave to amend. Dkt. 8.

The operative complaint in this action is the amended complaint. Dkt. 9. He names the following Defendants: District Attorneys Jill R. Ravich and Christopher Honigsberg; Former Chief Probation Officer Bob Ochs; and Acting Chief Probation Officer David Koch. *Id*. at 2. Plaintiff seeks monetary damages. *Id*. at 3.

For the reasons stated below, the Court DISMISSES the amended complaint for failure to state a claim for relief.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Procedural Background

The following factual background is taken from the Court's January 23, 2018 Order of Dismissal With Leave to Amend:

> According to the complaint, on October 25, 2016, Plaintiff was arrested in Lake County and held on pending charges in the Lake County Superior Court. Dkt. 1 at 3, 4. Bail was set by the Lake County Superior Court. *Id.* at 4. However, Plaintiff claims that he was unlawfully detained in the Lake County Jail without bail because of a "no-bail hold" placed on October 26, 2016 that stemmed from an alleged violation of his Post-Release Community Supervision ("PRCS") in Sonoma County. *Id.* at 3. Plaintiff claims that his continued confinement without bail was unlawful because he was held beyond the maximum time that he could be incarcerated for a PRCS violation. *Id.* at 4.
>
> In April 2017, Plaintiff filed a state habeas petition in the Sonoma County Superior Court. *Id.* at 3. Plaintiff requested that the PRCS hold be lifted, and that he be compensated for the injuries he received for being denied bail. *Id.* at 4. On June 30, 2017, the state superior court granted his petition in part and ordered that: (1) the no-bail hold be lifted; (2) notification be given to the Sonoma County District Attorney's office and Lake County District Attorney's office; (3) Plaintiff be reinstated on the original terms and conditions of his PRCS; and (4) Plaintiff be ordered to report to the PRCS office in Sonoma County within twenty-four hours of his eventual release from custody. *Id.* at 6. The state superior court took "no position and [did] not have the jurisdiction to award any damages as requested by [Plaintiff]." *Id.*
>
> Plaintiff claims that "[b]ecause of the PRCS hold being left on . . . for approximately 6 months past the legal 180 days, 90 actual," he has not been able to post bail which has "cost [him] emotional and monetary losses." *Id.* at 3. Plaintiff adds that he has "lost [his] place to live, clothes, etc." and that he would have been able to hire private counsel [to defend him on] his current charges, instead [he] can no longer even afford bail or private counsel." *Id.*
>
> As relief, Plaintiff requests "claimed losses of approximately $25,000, personal property plus cost of current bail." *Id.*

Dkt. 8 at 2.

On January 23, 2018, the Court dismissed the complaint with leave to amend. *Id.* at 3-5.

1 The Court noted that an allegation that an inmate was unlawfully detained may state cognizable Eighth Amendment and Fourteenth Amendment claims. *Id.* at 3 (citing *Brass v. Cty. of Los Angeles*, 328 F.3d 1192, 1200 (9th Cir. 2003)). However, the Court noted that in the present case, Plaintiff "complain[ed] of an alleged unlawful detention without bail, but he has failed to state the specifics regarding alleged mistreatment he suffered from any particular defendant, how his constitutional rights were violated, and the conduct of each defendant that he asserts is responsible for a constitutional violation." Dkt. 8 at 3. As such, the Court granted Plaintiff leave to amend to allege specifics regarding any claims he has against any named defendant. *Id.* The Court instructed Plaintiff to correct the deficiencies in his complaint by "establish[ing] legal liability of each person or entity for the claimed violation of his rights." *Id.* The Court further noted that in his original complaint, Plaintiff had not properly alleged liability on the part of any of the named defendants for a constitutional violation, which included People of the State of California, County of Sonoma, Sonoma County Office of the District Attorney, as well as Defendants Ravitch and Honigsberg. *Id.* at 4. Specifically, the Court determined that Plaintiff's general allegations that the named Defendants violated his constitutional rights were not supported by specific facts as to each defendant's actions which violated his rights. *Id.* The Court further noted that Plaintiff did not mention any Defendant by name in his statement of facts or show how any of the named defendants personally were involved in any alleged deprivation. Therefore, Plaintiff's claims against all named Defendants were dismissed with leave to amend. The Court further noted that Plaintiff had named two state prosecuting attorneys as Defendants in this action. *Id.* at note 1 (citing Dkt. 1 at 2). However, the Court pointed out that "a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his or her conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'" *Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

Furthermore, the Court noted that Plaintiff sought damages for his alleged unlawful confinement without bail. *Id.* at 4. The Court informed Plaintiff as follows:

> In order to recover damages for allegedly unconstitutional

3

> conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)). The Court stressed that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983." *Id.* The Court pointed out that, in the present action, Plaintiff had claimed that while he was being held without bail on his PRCS violation, he was being held in custody for another reason, i.e., stemming from pending charges in the Lake County Superior Court. *Id.* The Court thus informed Plaintiff that "*Heck* bars claims which necessarily implicate the validity of pending criminal charges, and generally bars claims challenging the validity of an arrest, prosecution or conviction." *Id.* (citations omitted). Finally, the Court stressed that "even if Plaintiff wishe[d] to focus on his confinement stemming from his alleged unlawful hold from the PRCS violation, *Heck* also bars claims of unlawful confinement due to parole or probation revocation." *Id.* (citing to *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)). As such, the Court noted that even though Plaintiff sought damages for his alleged unlawful incarceration without bail, he has not alleged that the either the pending charges or PRCS violation that led to his incarceration has been invalidated. *Id.* Therefore, the Court concluded that, "at this time, his allegations fail to state a claim upon which relief may be granted under section 1983." *Id.* The Court also warned as follows: "**Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this action.**" *Id.* at 5-6 (emphasis in original).

As mentioned above, Plaintiff has since filed his amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

### C. Legal Claims

In his amended complaint, Plaintiff re-alleges the same claims he raised in his original complaint relating to the fact that he was unlawfully detained in LCJ without bail because of a

4

"no-bail hold" placed on October 26, 2016 that stemmed from an alleged violation of his PRCS in Sonoma County. Dkt. 9 at 3.

As mentioned above, Plaintiff has again named as Defendants the two district attorneys, Defendants Ravich and Honigsberg, and he has also named two Chief Probation Officers, Defendants Ochs and Koch. *Id.* at 2. The Court had instructed Plaintiff to show how any of the named defendants personally were involved in any alleged deprivation. *See* Dkt. 83. However, Plaintiff did not mention Defendants Ravich, Honigsberg, and Koch by name in his "statement of claim" section. *See* Dkt. 9 at 3. Instead, Plaintiff only mentions Defendant Ochs in that section, and states that this Defendant "approved" the no-bail hold. *Id.*

The Ninth Circuit has held that probation officers possess an absolute judicial immunity from damage suits under section 1983 for official functions bearing a close association to the judicial process, which is clearly the case with Defendant Ochs's actions here. *See Demoran v. Witt*, 781 F.2d 155, 156-58 (9th Cir. 1985) (immunity to probation officers for preparing reports for use by state courts). However, the circuit has held that when the relevant court of last resort has undercut the theory or reasoning underlying circuit precedent in such a way that the cases are clearly irreconcilable, district courts (and three-judge panels of the court of appeals) should consider themselves bound by the intervening higher authority and reject the prior opinion of the circuit as having been effectively overruled. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). The United States Supreme Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). Thus, state actors are granted absolute immunity from damages liability in suits under section 1983 only for actions taken while performing a duty functionally comparable to one for which officials were immune at common law. *Miller*, 335 F.3d at 897. This appears to undercut the "close relation to the judicial process" rationale in *Demoran*. However, under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions. *Id.* at 896. Given that Defendant Ochs's actions alleged here were akin to those of a prosecutor, it is clear that this

Defendant is absolutely immune, whether under *Demoran* or that rationale in *Buckley*. Accordingly, Defendant Ochs is DISMISSED from this action because he is immune to any claims for money damages.

Plaintiff did not name Defendant Koch in his statement of claim section, but Plaintiff seems to list this Defendant, who is the "Acting" Chief Probation Officer, because Defendant Ochs, who was the former Chief Probation Officer, has since retired. Thus, the Court notes that to the extent Plaintiff attempts to link Defendant Koch to the action of giving approval for the no-bail hold, then this Defendant would have also been found to be absolutely immune in the same manner as Defendant Ochs. Therefore, Defendant Koch is also DISMISSED from this action because he is immune to any claims for money damages.

Similarly, even if Plaintiff had also linked the prosecutors, Defendants Ravitch and Honigsberg, to giving their approval for the no-bail hold, they would also have absolute immunity against a claim for damages because such actions would have been based on their conduct as advocates in the criminal case. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). In any case, the Court has already given Plaintiff an opportunity to correct the deficiencies in the complaint as to his claims against Defendants Ravitch and Honigsberg, but Plaintiff has failed to show how these named defendants personally were involved in any alleged deprivation. Therefore, Defendants Ravitch and Honigsberg are DISMISSED from this action because Plaintiff has failed to correct the deficiencies of his claims against them.

Finally, as explained above, another deficiency which the Court pointed out was that Plaintiff's claims could also be barred by *Heck*. Specifically, the Court had noted that while Plaintiff sought damages for his alleged unlawful incarceration without bail, he has not alleged that either the pending charges or PRCS violation that led to his incarceration has been invalidated. *See* Dkt. 8 at 5. In his amended complaint, Plaintiff does not correct this deficiency by indicating whether either his pending charges or PRCS has been invalidated. *See* Dkt. 9. The Court notes that Plaintiff is currently still in custody at LCJ, possibly due to the ongoing criminal proceedings for his pending charges out of Lake County Superior Court. Thus, to the extent that

6

Plaintiff raises any claims which necessarily implicate the validity of his pending criminal charges or any claims of unlawful confinement due to parole or probation revocation, these claims are barred by *Heck*. And, while Plaintiff was given an opportunity to correct this deficiency, his amended complaint fails to do so. Accordingly, his allegations fail to state a claim upon which relief may be granted under section 1983. As Plaintiff has filed an amended pleading that suffers the same deficiencies as his original complaint, and he has failed to correct these deficiencies after being given leave to amend, further leave to amend will not be granted.

**III. CONCLUSION**

For the reasons stated above, this action is DISMISSED for failure to state a claim under section 1983.

The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: July 10, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge